IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL EDGE DESIGN INC. ) <br> a corporation of Canada ) <br> ) <br> Plaintiff, ) <br> ) Case No. 2:21−cv−03567−JWH−JEM <br> v. ) <br> ) MOTION TO DISMISS <br> MATTHEW JUSTIN MICHEL ) PLAINTIFF'S COMPLAINT <br> ) <br> Defendant. ) <br> ) | |

## <u>MATTHEW JUSTIN MICHEL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendant, MATTHEW JUSTIN MICHEL, pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss Counts 5 and 6 of the Complaint filed by GLOBAL EDGE DESIGN INC. In support of this motion, MATTHEW JUSTIN MICHEL submits the following memorandum of law.

## <u>INTRODUCTION</u>

Plaintiff's counts 5 and 6 are based unfair competition and specifically on § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1)(B) of the Federal Trademark Act of 1946 and the common law unfair competition under the laws of the State of California. The complaint states "Defendant Matthew Justin Michel has knowingly and falsely promoted to Plaintiff Edge Design and its distributors that the 2 in 1 SWIP product of Edge Design infringes the several patents of Defendant Matthew Justin Michel.".

As the Defendant will set out in more detail below, Plaintiff's claims are without merit. Plaintiff does not set forth with any details or particularity in its claim that the Defendant knowingly and falsely claimed patent infringement.

## FACTUAL BACKGROUND

On September 26th, 2019 Michel filed a claim of patent infringement by JuiceBlendDry with Amazon.com as part of Amazon's Neutral Patent Evaluation Process. Michel was informed that JuiceBlendDry would challenge this claim and be represented by Edge Design's counsel Gerald Dunne

An evaluator was assigned to this dispute, Christopher S. Schultz, a patent attorney with the law firm Burns & Levinson, LLP, having over twenty years of experience.

Each party filed an initial argument and a response and on January 2nd, 2020 Mr. Schultz decided that: "Patent owner is likely to be able to prove that ASIN B07MBQ121H falls within the scope of claim 8 of U.S. patent number 10,086,411.". Amazon then deleted the JuiceBlendDry listings from the website.

Despite these events Plaintiff GLOBAL EDGE DESIGN INC. has in this case filed a complaint that omitted these events from the background of their complaint. These are arguably the most relevant events prior to this case in the present dispute as they are the most substantial documented instance of the Defendant's patents being successfully enforced against the Plaintiff's product.

## STANDARD OF REVIEW

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court established the standard by which federal courts are to determine motions to dismiss under Rule 12(b)(6). Under Twombly, to survive a motion to dismiss, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." 550 U.S. at 570. A pleading that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. 550 U.S. at 555; see also Doe v. Wal-Mart Stores, Inc., 572 F.3d 677, 683 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949-50. A motion to dismiss must be granted if the complaint fails to allege facts that cross the line from conceivable to plausible. Sound Appraisal v. Wells Fargo Bank N.A., 451 Fed. Appx. 648, 650 (9th Cir. 2011) (quoting Twombly, 550 U.S. at 570). Moreover,

in order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79 (emphasis added); see also Twombly, 550 U.S. at 555. Under Iqbal and Twombly, a plaintiff must plead facts to support a reasonable inference that there has been some wrongdoing by the defendant. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  To state a claim properly, a plaintiff must allege a factual basis for each element of each claim he asserts, setting forth "enough factual matter (taken as true) to suggest [each] required element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (internal quotation marks and citations omitted).

> Pleading deficiencies that warrant dismissal include (1) "confused and rambling narrative of charges and conclusions," (2) "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions."

Poblete v. Goldberg, 680 F.Supp.2d 18, 19 (D.D.C. 2009) (dismissing with prejudice the plaintiff's complaint where the complaint was comprised of confusing legal theories and insufficient factual pleadings) (quoting Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977)). A claim for relief "requires more than labels and conclusions[.]" Twombly, 550 U.S. at 555.

## ARGUMENT

In counts 5 and 6 of the complaint the Plaintiff claims the Defendant  "has knowingly and falsely promoted to Plaintiff Edge Design and its distributors that the 2 in 1 SWIP product of Edge Design infringes the several patents of Defendant Matthew Justin Michel".  Yet the Defendant had won that very case on January 2nd, 2020.  It is not plausible, and defies common sense, to say that the Defendant would know a claim of patent infringement to be false after having won that very case before an experienced and impartial evaluator.

The plaintiff, having omitted these events from the background of their complaint, offers no explanation in their complaint as to how counts 5 and 6 are plausible.

The Plaintiff has also already attempted to sue the Defendant in New York without any plausible argument for that venue (a case, 1:20-cv-09654, which was dismissed on the Defendant's motion). The Defendant argues that this omission, and the plaintiff bringing this case as third time, when it was already lost on January 2nd 2020, is a deliberate attempt to misrepresent the facts and abuse the legal process.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Defendant Matthew Justin Michel respectfully requests that this Court dismiss Plaintiff GLOBAL EDGE DESIGN INC.'s Amended Complaint counts 5 and 6 and award any other relief as this Court may deem just and appropriate. Defendant additionally pleads with the court to sanction the Plaintiff for having submitted a misrepresentation of facts in their complaint to this court.

Respectfully Submitted,

DATED: October 1st, 2021

By: *Matthew Michel*

Matthew J. Michel
955 ½ CHUNG KING RD.
LOS ANGELES, CA 90012
Defendant Pro Se